IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

VANCE BYRD                                    :

    v.                                        :   Civil Action No. DKC 19-1873

TA CHEN INTERNATIONAL, et al.                 :

**MEMORANDUM OPINION**

Presently pending in this Title VII retaliation case is a motion for a more definite statement filed by Defendants Ta Chen International, Inc., and Asher Wolf ("Defendants") (ECF No. 27). The court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Defendants' motion to for a more definite statement will be denied.

**I. Background**

The relevant factual background is laid out in full in a previous memorandum opinion by this court. *Byrd v. Ta Chen, Int'l.*, No. DKC 19-1873, 2020 WL 4933636 (D.Md. August 24, 2020). Relevant to the motion at hand, Plaintiff Vance Byrd ("Mr. Byrd") filed his complaint *pro se* including charges claims of both racial discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e, *et seq*. (ECF No. 1).

Mr. Byrd's initial complaint properly alleged specific forms of retaliation in response to his initial complaint with the United

States Equal Employment Opportunity Commission ("EEOC"), (ECF No. 13-2), and the issuance of a Right to Sue letter. These include Mr. Wolf, as an agent to his and Mr. Byrd's mutual employer, threatening to fire Mr. Byrd for "insubordination" as alleged pretext for retaliation and the docking of his overtime. (ECF, No. 1-4, at 1-2). Mr. Byrd also submitted numerous supplements to his original complaint, but one, filed on July 15, 2019, alleged retaliatory conduct by Asher Wolf ("Mr. Wolf") wherein he questioned Mr. Byrd's coworkers about his ongoing discrimination case and threatened to fire those involved. (ECF No. 5). In a subsequent *supplement* to his complaint,[1] Mr. Byrd produced text messages that purport to show Mr. Wolf, again acting alongside his employer, trying to use Mr. Byrd's lack of an attorney to persuade Mr. Byrd not to bring his EEOC claims. (ECF, No. 18-1). In a final supplement to the complaint, he also alleges "Ta Chen (empire resources)" threatened to, and ultimate did, terminate his employment for "not signing a document" pertinent to this pending litigation. (ECF, NO. 22, at 2-3). Mr. Wolf again played a central role in this termination by texting Mr. Byrd "not to [come]

---

[1] Defendants continue to refer to this and a subsequent supplement as "amendments" as that is how these motions were originally styled by Plaintiff. (ECF Nos. 18, 22). However, as the recent Memorandum Opinion makes clear the allegedly retaliatory conduct mentioned in these "amendments" occurred *after* his initial filing with this court on June 25 and thus are properly considered supplemental pleadings and not motions for amendment. ECF no. 24, at 3 & n.3, 4 & n.4).

back to work" when arguing this directive was attributable to "Ta Chen retaliation." (ECF No. 18). He further argued that his employer's retaliatory behavior continued after his termination in the threat to call the police should he return on site, which he alleges is against company policy. (ECF No. 22-1, at 2).

In addressing Defendants' motion to dismiss for failure to state a claim, (ECF No. 13), Mr. Byrd's discriminatory claims were dismissed for failure to state a claim. (ECF No. 24, at 21). However, the above retaliation claims *all* survived in satisfying the definition of an adverse action under Title VII's retaliation standard. (*Id.*, at 25).

## II. Analysis

As stated in the Memorandum Opinion denying Defendants' motion to dismiss as it related to these separate instances of alleged retaliation, "[a]ccording to Mr. Byrd's complaint, all these behaviors were motivated by a wish to retaliate against him for filing a discrimination claim or against others who cooperated in the complaint's investigation and thus he sufficiently alleges a causal connection between the claim and the adverse actions." (*Id.*). While Mr. Byrd's pleadings may have lacked polish, organization and clarity, *pro se* complainants are entitled to be liberally construed and held to a less stringent standard than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines*

*v. Kerner*, 404 U.S. 519, 520 (1972)). The court's earlier opinion suffices to outline the specific conduct Mr. Byrd contends constitute retaliation.

### III. Conclusion

For the foregoing reasons, the motion for a more definite statement is denied.

                                                    /s/
DEBORAH K. CHASANOW
United States District Judge