IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

VANCE BYRD :

 :

 v. : Civil Action No. DKC 19-1873

 :

TA CHEN INTERNATIONAL, et al. :

 :

**MEMORANDUM OPINION**

Defendants Empire Resources, Inc. ("ERI") and Asher Wolf ("Mr. Wolf") filed a motion to reconsider (ECF No. 46) the previous opinion and order denying their motion for summary judgment. (ECF Nos. 44 and 45); *Byrd v. Ta Chen Int'l*, No. DKC 19-1873, 2021 WL 1890502 (D.Md. May 11, 2021). They argue that, by crediting factual assertions made by Plaintiff in his earlier filings — those not yet in admissible form — as creating material questions of facts, "the Court failed to consider the undisputed material facts conceded to and deemed admitted by Plaintiff in Defendants' RFAs [Requests for Admission]" that they attached to their motion. (ECF No. 46-1, at 1).

Defendants rely on a number of Virginia cases, including heavy reliance on *Hill v. Laury*, No. 3:06CV79, 2006 WL 2631796, at *2 (E.D.Va. Sept. 13, 2006), and a single Maryland case, *Donovan v. Porter*, 584 F.Supp. 202, 208 (D.Md. 1984), as standing for the proposition that a failure to respond to specific factual

assertions in requests for admission "conclusively establish[es]" the truth of the matter contained in that request. (ECF No. 46-1, at 4) (quoting *Hill*, 2006 WL 2631796, at *2). They seem to suggest that such facts, once established, trump any consideration of factual assertions made elsewhere (and not in direct response to the RFAs). In turn, Defendants state the following:

> Accordingly, Plaintiff cannot contest, among other things, that: 1) his termination was a result of him arriving to work intoxicated on November 20, 2019, in violation of ERI's policies; 2) Wolf never spoke with Plaintiff about his EEOC Charge of Discrimination; (3) Wolf did not threaten Plaintiff with termination for cooperating in the EEOC's investigation; (4) Wolf did not threaten to dock Plaintiff's pay in light of his Charge of Discrimination filing; or (5) Defendants did not restrict assigning overtime based on Plaintiff's EEOC Charge of Discrimination filing or any protected activity in which Plaintiff engaged. There is no material fact in dispute which could save Plaintiff's claim.

(*Id.*, at 5).

As a threshold matter, Defendants did not even highlight Plaintiff's purported intoxication *anywhere* in the analysis of the actual motion for summary judgment. (*See generally* ECF No. 40-1). It appears buried and unhighlighted by any subsequent filing in the RFAs appended to this motion. (ECF No. 40-2). Moreover, beyond simply noting it, Defendants fail to grapple with the previous opinion's explanation of how Mr. Byrd has responded to

the substance of virtually all of these allegations in his previous filings, if not in an express or timely response to the RFAs.

The cases relied on by Defendants are distinguishable as *none* involve *pro se* plaintiffs. In fact, in a case in which a plaintiff moved for summary judgment against (somewhat recently) counseled defendants, this court made a point of differentiating that context from one in which a *pro se* defendant was allowed to withdraw default admissions in light of the fact that he "vigorously denie[d] the claims against him"; as to the latter scenario, the court pointed out that Maryland district courts are "reluctant to use Rule 36 procedures as a snare for [an] unwary *pro se* defendant." *J & J Sports Prods., Inc., v. Mumford*, No. DKC 10-2967, 2012 WL 1409588, at *4 n.7 (D.Md. Apr. 20, 2012) (quoting *United States v. Turk*, 139 F.R.D. 615, 618 (D.Md. 1991)). Moreover, *J & J*, when granting summary judgment on behalf of the plaintiff, stressed the fact that "[the d]efendants have not responded to J & J Sports's requests for admission, *raised any objections . . . or challenged them with contrary evidence on summary judgment*." *Id.*, at *3 (emphasis added).

Here, not only is Mr. Byrd *pro se*, but as explained in full in the previous memorandum opinion, he has responded directly to the allegations set forth in the RFAs and elsewhere by Defendants in his various filings. Mr. Byrd has raised numerous material questions of fact as to both direct and indirect retaliation, and

3

thus summary judgment would be improper.  (ECF No. 44, at 11-12, 16-18).  Mr. Byrd's opposition only further reiterates that he plans to "dispute all allegations" at trial, presumably including the allegation that he was intoxicated during the incident that Defendants claim precipitated his termination.  (ECF No. 52).

All this aside, whether to allow untimely answers to RFAs and how to treat any failure to respond are matters squarely within the discretion of the court.  In the Maryland case relied on by Defendants, *Donovan v. Porter*, for example, the court said, "It is clear that unanswered requests for admissions *may* properly serve as a basis for summary judgment and with a failure to make a timely response, the truth of the matter contained in the requests for admission is conclusively established and *may* serve as the basis for a court's consideration of a motion for summary judgment." 584 F.Supp. at 208 (emphasis added) (citing *Bateson v. Porter*, 154 F.2d 566 (4th Cir. 1946)).

More to the point, "It is [] within the court's discretion to allow untimely answers to requests for admissions, when such an amendment of the admission will not prejudice the other party." *Id.* (citing *Warren v. Int'l Brotherhood of Teamsters*, 544 F.2d 334 (8th Cir. 1976)).  Ultimately that court found that, "facts which were deemed admitted because of the untimely responses may not form the basis of plaintiff's summary judgment motion, unless such facts are not controverted."  *Id.*  In *CDS Family Tr. v.* Martin,

4

No. 1:15-cv-02584-JMC, 2019 WL 2477358, at *3 (D.Md. June 13, 2019), Judge Coulson similarly exercised such discretion by denying summary judgment against a defendant who failed to answer Plaintiff's RFAs. He reasoned that withdrawal of an admission under Rule 36(b) can be "imputed from a party's actions" and that "Plaintiff has timely and unequivocally made clear that she does not intend to admit wholesale the contentions in [Defendant's] Request for Admissions. In light of the Fourth Circuit's 'strong policy that cases be decided on their merits' . . . I exercise my discretion not to rely on plaintiff's deemed admissions . . . in resolving the pending motions.") (bracketed alteration in original) (quoting *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)).

The previous opinion explained how portions of Mr. Byrd's previous filings could be construed as responses to the motion for summary judgment and the requests for admission contained therein, given the wide discretion afforded Fed.R.Civ.P. 56. *Byrd*, 2021 WL 1890502, at *2. The court similarly may consider these as satisfying Fed.R.Civ.P. 36(a) and as a response and denial of the allegations contained in the RFAs. The Defendants will suffer no real prejudice if these earlier responses are allowed to stand-in as timely responses to the RFAs, as they were fully on notice that Plaintiff denied virtually all of the allegations, at least in

substance, prior to filing their motion for summary judgment. Resolution of the disputed facts remains for trial.


                                                  /s/
                              DEBORAH K. CHASANOW
                              United States District Judge